IN THE

# SUPREME COURT

OF THE

# STATE OF NEW-YORK,

IN AUGUST TERM, 1824, IN THE FORTY-NINTH YEAR OF OUR INDE-
PENDENCE.

---

## ROBERTSON *against* CROWELL, impleaded with PADD and SNOWDON.

ASSUMPSIT. The defendant, *Crowell*, pleaded the general issue, and gave notice, with that plea, that he should, on the trial, give in evidence his discharge under the act for abolishing imprisonment for debt in certain cases; and, at the last Circuit Court in the city of *New-York*, the cause coming on to be tried, the discharge was accordingly offered in evidence; but the Circuit Judge, supposing this to be the subject of a special application to this Court, overruled the evidence, and directed a general verdict for the plaintiff; and now,

*W. Thompson*, for *Crowell*, moved that the judgment to be rendered be qualified and confined to the property of *Crowell*, so that no execution issue against his body.

the circuit judge, and the plaintiff did not express a desire to contest the discharge at the circuit, nor impeached it by affidavit, on motion, in the supreme court, to have the judgment qualified, the motion was granted.

*To avail himself of a discharge of the person from imprisonment, the defendant should plead such discharge; or he may give it in evidence on the trial, and if found valid, this finding should make a part of the postea, on which a modified judgment may be entered.*

*But where this course was overruled by*

UTICA,
Aug. 1824.

Johnson
v.
Rogers.

*W. King*, contra, said that by allowing the discharge to be introduced on a summary application, the plaintiff was deprived of all opportunity to contest its validity before the jury. *Crowell* had a chance to prove, and have it tried at the Circuit, and it is now too late. (*Palmer* v. *Hutchins*, 1 *Cowen's Rep.* 42.) If the Judge erred, the proper course was to make a case, and bring up the question in that form.

[WOODWORTH, J. You did not dispute the validity of the discharge at the Circuit.

SAVAGE, Ch. J. Do you now deny this by affidavit ?]

*King.* We do not deny it, because we supposed this to be the wrong time for doing so.

*Curia.* The Judge should have received evidence of the discharge, and on the jury finding in favour of its validity, this should have been endorsed as a part of the postea, and returned ; upon which the plaintiff should have taken his judgment so modified as not to reach the defendant's person. But the discharge was not contested at the Circuit, nor is it now questioned. We, therefore, grant the application, under the special circumstances of this case.

Motion granted.